UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES EAVES,

                Petitioner,                                         Hon. Robert Holmes Bell

v.                                                       Case No. 1:06-CV-794

CARMEN PALMER,

                Respondent.

_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Eaves' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Eaves' petition be **denied**.


## BACKGROUND

As a result of events which occurred on November 5, 2003, Petitioner was charged with murder, as well as possession of a firearm during the commission of a felony. (Trial Transcript, July 13, 2004, 43). At the outset of trial, the prosecution presented testimony from two individuals, the relevant portions of which are summarized below.

**David McCastle**

McCastle was the Executive Director for Muskegon Central Dispatch. (Trial Transcript, July 14, 2004, 313). As of November 5, 2003, Muskegon Central Dispatch employed equipment to record the emergency telephone calls placed through 911 to Central Dispatch. (Tr. 314). On this date, Central Dispatch recorded a 911 call placed to Central Dispatch from Petitioner's residence. (Tr. 314-19).

**Roger Robillard**

As of November 5, 2003, Robillard was employed as a Detective with the Muskegon County Sheriff's Department. (Trial Transcript, July 14, 2004, 310-11). On that date, Detective Robillard secured as evidence the audio recording of the 911 telephone call made that day from Petitioner's residence. (Tr. 310-12).

The following morning, before the presentation of additional evidence, Petitioner decided to plead no contest to the charges against him. (Trial Transcript, July 15, 2004, 3-12). After reviewing the police report and listening to the 911 call Petitioner made after shooting the victim, the trial judge found that there existed a sufficient basis to accept Petitioner's plea. (Tr. 12-21). On the murder conviction, Petitioner was sentenced to serve life in prison without the possibility of parole. (Sentence Transcript, September 2, 2004, 11). Petitioner was also sentenced to two years in prison on the conviction for possessing a firearm during the commission of a felony. (Tr. 11). Petitioner later moved in the trial court to withdraw his plea. (Dkt. #24). Petitioner's motion was denied. *Id.* Petitioner then moved in the Michigan Court of Appeals for leave to appeal, asserting the following claim:

I.    Did the trial court commit error when it accepted a no contest plea to premeditated murder, MCL 750.316A, from a clinically depressed, potentially suicidal, indigent person, on the basis of civil liability, when it is clear that the defendant might well have been found guilty of second degree murder had the trial progressed?

A.    Was it proper to use a no contest plea to enter a plea to premeditated murder in this case?

B.    Is it always appropriate to accept a no contest plea on the basis of civil liability when a death by violence is involved?

C.    Should the trial court have granted the motion to withdraw the no contest plea?

The Michigan Court of Appeals denied Petitioner's request "for lack of merit in the grounds presented." *People v. Eaves*, No. 263599, Order (Mich. Ct. App., Aug. 16, 2005). Asserting the same claim, Petitioner moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Eaves,* No. 129519, Order (Mich., Dec. 27, 2005). On November 6, 2006, Petitioner initiated the present action, asserting the same claim identified above.

## STANDARD OF REVIEW

Eaves' petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's

jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

In certain circumstances, however, the deferential standard articulated above does not apply. First, if the state court resolves a particular claim but fails to articulate its analysis, the Court must apply "modified AEDPA deference." *Vasquez v. Jones*, 496 F.3d 564, 569-70 (6th Cir. 2007). Under this standard, "the court conducts a 'careful' and 'independent' review of the record and applicable law, but cannot reverse 'unless the state court's decision is contrary to or an unreasonable application of federal law.'" *Id.* at 570. However, where the state court has altogether failed to review a particular claim, such is reviewed de novo. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). In such circumstances, the court conducts a *de novo* review. *Id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

On appeal before the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner presented his claim as a violation of state law only. For example, Petitioner asserted that it violates the Michigan Court Rules for a court to accept a no-contest plea where the defendant has been charged with murder. Petitioner further argued that it violates the Michigan Court Rules for a court "to accept a no contest plea on the basis of civil liability when a death by violence is involved." Finally, Petitioner asserted that the trial judge's decision to not allow him to withdraw his guilty plea violated Michigan law. Petitioner did not assert that the trial court's decisions to

allow him to plead no contest and, later, to deny his motion to withdraw his plea violated federal law or the United States Constitution. Likewise, Petitioner did not cite to or rely upon any authority which could reasonably be interpreted as indicating that he was asserting a violation of federal law or any rights he enjoys under the United States Constitution. The question, therefore, becomes whether Petitioner has asserted in this Court that the trial court's actions violated "the Constitution or laws or treaties of the United States," *see* 28 U.S.C. 2254(a), or simply that such violated state law.

Eaves has submitted a brief in support of his petition for writ of habeas corpus. (Dkt. #1). The arguments in this pleading suffer from the same defect identified above, namely that the claims are asserted as violations of state law only. In fact, this pleading appears to be identical to the brief Petitioner submitted in the state courts. Petitioner cannot, however, obtain relief in this Court based upon perceived violations of state law. *See* 28 U.S.C. 2254(a). Accordingly, the undersigned recommends that Eaves' petition for writ of habeas corpus be denied.

Even if Eaves' petition is interpreted as asserting a violation of federal law, the result is the same. While Petitioner has not invoked federal law, he clearly asserts that the trial judge erred by accepting his no contest plea and then further erred by not allowing him to withdraw this plea. The Court first notes that to the extent Petitioner's claims are interpreted as implicating federal law, such cannot form the basis for the relief Petitioner seeks, because he has failed to properly exhaust such in state court.

Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that. . .the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §

2254(b)(1)(A). The purpose of the exhaustion requirement is to give the state courts the first opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the requisite opportunity, the petitioner must "fairly present" the substance of his claim "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

The fair presentation requirement is not satisfied where the petitioner simply makes in the State court "a general appeal to a constitutional guarantee as broad as due process" or only identifies "the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). The petitioner "must present his claim to the state courts as a federal constitutional issue - not merely as an issue arising under state law." *Collins v. Wells*, 1994 WL 64702 at *3 (6th Cir., Mar. 1, 1994) (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). However, the petitioner is not required to "recite a specific sequence of words to fulfill the exhaustion requirement, nor is there some sort of threshold requirement whereby Petitioner must dedicate a certain number of words to analysis of federal law," as simply "[l]abeling a claim as a federal claim is sufficient." *Daniels v. Lafler*, 192 Fed. Appx. 408, 418 (6th Cir., Aug. 4, 2006) (citing *Baldwin*, 541 U.S. at 32).

As discussed above, Petitioner's presentation in the state courts of these claims does not satisfy the fair presentation requirement. Petitioner has, therefore, failed to properly exhaust these particular claims. Petitioner's failure to exhaust these claims notwithstanding, they may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). As discussed below, these claims

are without merit.

A plea of no-contest is valid "where it is a voluntary, knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also*, *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). Determining whether a plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). To prevail on his claim, Petitioner must demonstrate "such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment." *Ray v. Cockrell*, 2003 WL 22070892 at *3 (N.D. Tex., Feb. 27, 2003) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)); *Thomas v. Cain*, 2007 WL 2874778 at *13 (W.D. La., Sept. 7, 2007) (same).

Respondent bears the burden of establishing that Petitioner's plea was voluntary, intelligent, and knowing. *See Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004) (*reversed in part on other grounds* 545 U.S. 175 (2005)). This burden is generally satisfied "by producing a transcript of the state court proceeding," because "[a] state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent and knowing." *Stumpf*, 367 F.3d at 600 (citing *Garcia v. Johnson*, 991 F.2d 324, 326-27 (6th Cir. 1993)).

Before accepting Petitioner's plea, the trial judge engaged in a lengthy discussion with Petitioner regarding the nature of the crimes with which he had been charged, including the potential punishment if convicted thereof, as well as the precise nature of the rights he was

surrendering by pleading no contest. (Trial Transcript, July 15, 2004, 5-21). Petitioner acknowledged on the record that he understood that by pleading no contest he was surrendering the following rights: (1) the right to a trial, either by the court or a jury, (2) the right to be presumed innocent until proven guilty beyond a reasonable doubt, (3) the right to have the witnesses against him appear at trial, (4) the right to question the witnesses against him, (5) the right to compel the attendance at trial of any witness on his own behalf, (6) the right to remain silent at trial, (7) the right to not have any such silence used against him at trial, and (8) the right to testify at trial. (Tr. 5-21). Petitioner also acknowledged that he understood that by pleading no contest he would be sentenced to a "mandatory prison term of life in prison without parole." (Tr. 8, 13). The Court further notes that the information on which the trial court relied in support of its decision to allow Petitioner to plead no contest, clearly supported such. (Dkt. #27).

Petitioner asserts that the trial judge should not have accepted his plea because he was "clinically depressed" and "potentially suicidal." The record contains no evidence that Petitioner suffered from any mental impairment at the time he made the choice to plead no contest. In sum, the record contains no evidence that Petitioner's plea was not made knowingly, intelligently, and voluntarily. Accordingly, the Court concludes that this particular claim is without merit and cannot form the basis for habeas relief.

As for Petitioner's subsequent motion to withdraw his no contest plea, while such is perhaps understandable, the trial court's denial of such cannot form the basis for habeas relief. *See, e.g., Roten v. Deloy*, 575 F.Supp.2d 597, 605 n.3 (D. Del. 2008) ("there is no Federal or Constitutional right to withdraw a guilty plea"); *Ferrer v. Superintendent*, 628 F.Supp.2d 294, 308 (N.D.N.Y. 2008) ("[a] state judge's denial of a motion to withdraw a guilty plea is generally not

subject to habeas corpus review unless the plea was not entered intelligently or voluntarily"). The Court concludes, therefore, that this particular claim is without merit and cannot form the basis for habeas relief.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Eaves' petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 3, 2009      /s/ Ellen S. Carmody
              ELLEN S. CARMODY
              United States Magistrate Judge